## THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSICA SEGRAVES, | : | |
| | : | |
| Plaintiff | : | |
| | : | NO. |
| vs. | : | |
| | : | |
| LYCOMING COUNTY | : | JUDGE: |
| COMMISSIONERS; SCOTT L. | : | |
| METZGER, Individually and as | : | ELECTRONICALLY FILED |
| Chairman of the Lycoming County | : | |
| Commissioners; TONY R. | : | JURY TRIAL DEMANDED |
| MUSSARE; and RICHARD | : | |
| MIRABITO, | : | |
| | : | |
| Defendants | : | |

## COMPLAINT

## INTRODUCTORY STATEMENT:

This case involves the termination of Jessica Segraves' employment by Defendants because of her use of approved intermittent FMLA leave, disability, and/or sex. Prior to the date of her termination, Segraves was never warned nor

1

notified that her employment may be terminated.  She did not have a disciplinary history.  Defendants refused to give Segraves a reason for her termination. Defendants treated Segraves less favorably, including the termination of her employment, than they treated male peers who were not on FMLA and who did not have a disability requiring accommodations by Defendants.

1.    Plaintiff, Jessica Segraves ("Segraves"), is an adult individual who, at all times relevant hereto, resided in Lycoming County, Pennsylvania, within the Middle District of Pennsylvania.

2.    Defendant Lycoming County Commissioners ("Commissioners"), which may be located at 48 West Third Street, Williamsport, Lycoming County, Pennsylvania, within the Middle District of Pennsylvania, is a board of "officers elected by the qualified electors of the county," 16 Pa. C.S. § 401(a), who are "the responsible managers and administrators of the fiscal affairs of their…count[y]," 16 Pa. C.S. § 1701, with the ultimate decision-making authority and power to hire and fire certain county employees such as Segraves.

3.    Defendant Scott L. Metzger ("Metzger") was, at all times relevant hereto, an adult individual and a duly elected member of Defendant Commissioners and Chairman of the same, and may be located at 48 West Third Street, Williamsport, Lycoming County, Pennsylvania, within the Middle District of Pennsylvania.

4.    Defendant Tony R. Mussare ("Mussare") was, at all times relevant hereto, an adult individual and a duly elected member of Defendant Commissioners and Vice Chairman of the same, and may be located at 798 West Mountain Avenue, South Williamsport, Lycoming County, Pennsylvania, within the Middle District of Pennsylvania.

5.    Defendant Richard Mirabito ("Mirabito") was, at all times relevant hereto, an adult individual and a duly elected member of Defendant Commissioners and Secretary of the same, and may be located at 98 Lamon Drive, Cogan Station, Lycoming County, Pennsylvania, within the Middle District of Pennsylvania.

6.    Defendants Mussare and Mirabito, as they are no longer Lycoming County Commissioners as of January 1, 2024, are sued in their individual capacities for actions they took while they remained Commissioners.

7.    This action is brought pursuant to the Family and Medical Leave Act ("FMLA") 29 U.S.C. §§2601, et seq.; The Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§701, et seq.: and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983, regarding sex discrimination.

8.    At all times relevant hereto, Defendants were employers, and Segraves was an eligible employee, as the same are defined under the FMLA.

9.     At all times relevant hereto, Defendants received Federal financial assistance as defined in the Rehabilitation Act of 1973.

10.     At all times relevant hereto, Defendants were state actors, and acted under color of state law, pursuant to the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983.

11.     This Court has jurisdiction over this case pursuant to 29 U.S.C. §2617(2), 29 U.S.C. §794a, and 28 U.S.C. §§1331 and 1343.

12.     Defendants were found doing business within the Middle District of Pennsylvania, and a substantial part of the events or omissions giving rise to the claims occurred within the Middle District of Pennsylvania.

13.     Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391.

14.     Segraves is a female with a serious health condition as defined by the FMLA, and a disability as defined by the Rehabilitation Act of 1973: acute panic attacks and generalized anxiety disorder.

15.     In or about December 2021, Defendants offered Segraves the position of Director of Human Resources for Lycoming County, which Segraves accepted and began working as on or about January 18, 2022.

16.     On or about May 25, 2023, Segraves applied for intermittent FMLA leave due to her above serious health condition.

17.     On or about June 20, 2023, Defendants approved Segraves' application for intermittent FMLA leave beginning on May 17, 2023.

18.     On or about June 26, 2023, Segraves used approximately 1.5 hours of her approved FMLA leave at the end of her normal workday.

19.     On or about July 31, 2023, Segraves used her approved FMLA leave in the form of leaving her workplace at approximately 3:00 p.m., and resumed working from home after approximately 25 minutes.

20.     On or about August 11, 2023, Defendant Metzger called Segraves to come to the conference room.

21.     When Segraves arrived at the conference room, all Defendants were present.

22.     Defendant Mirabito stated, without any prior notice or warning to Segraves, "We've decided to end your employment.  I think we both know this is probably best for you.  We're providing you with a separation agreement along with a severance of four weeks.  We will offer a letter of reference," and then described the contents of the same.

23.     Segraves asked, "So, what is the reason I'm being terminated? Considering I've never been verbally reprimanded or written up, I'm very curious."

24.     Defendant Mirabito replied, "Well, that's a good question."

25.    After a period of silence from all Defendants, Defendant Mirabito stated, "The best I can answer is that I've been advised by counsel not to answer that question."

26.    Segraves replied, "Very interesting.  So, I'm being terminated for a reason you cannot disclose."

27.    Segraves received no response.

28.    Defendant Mirabito then escorted Segraves to her office, and stated, "I'm really sorry this is happening.  But I think this is good for you.  You can find a position in the private sector that isn't going to be so stressful for you."

29.    Segraves replied, "Rick, this is not right and completely unjust and unfair and you know it."

30.    Defendant Mirabito did not reply.

31.    Segraves had no disciplinary history with Defendants.

32.    Defendants never provided Segraves with a reason for her termination other than what Defendant Mirabito stated to her.

33.    Defendant Mirabito's statements to Segraves evidenced that Defendants terminated Seagraves' employment because of her disability and use of approved FMLA for the same.

34.    In or about June 2021, a male employed in a position that would have been a peer of Segraves, who was not on FMLA, and did not have a disability

requiring any accommodations by Defendants, was suspended by Defendants for three days for disciplinary reasons.

35.    Defendants had that male employee undergo training and use, or offered the use of, Defendants' Employee Assistance Program ("EAP") due to concerns, *inter alia*, about his behavior in the workplace.

36.    In or about January 24, 2023, that same peer, for disciplinary reasons, was placed on a corrective action plan/Performance Improvement Plan ("PIP") by Defendants.

37.    In or about May 2023, that same peer was again suspended by Defendants for one day for disciplinary reasons, and was again offered use of Defendants' EAP program due to concerns about his behavior in the workplace.

38.    In or about June 15, 2023, Defendants terminated the employment of that same peer due to his two prior suspensions and a new investigation into certain conduct involving the workplace.

39.    In or about April 2023, another of Segraves' male peers who was not on FMLA, and did not have a disability requiring any accommodations by Defendants, was, for disciplinary reasons, suspended for three days and was provided with Defendants' EAP materials due to concerns about his behavior in the workplace.

40.    By way of contrast, Defendants, before terminating Segraves' employment, did not discipline Segraves, suspend Segraves, place Segraves on a PIP, nor offer Segraves information about or use of Defendants' EAP program.

41.    In or about September 2022, while recruiting for a position that was a peer of Segraves, following the departure of a female who had held that position, Defendants Mussare and Metzger made statements that "we need to get a male in that position" because there was "female drama" in that department, and that they needed a male to help correct it.

42.    Defendants' more favorable treatment of Segraves' male peers, who did not have disabilities nor were on FMLA, evidenced that Defendants treated Segraves less favorably, including terminating her employment, because of Segraves' disability, use of approved FMLA, and/or sex.

43.    Defendants acted with intent, and/or engaged in the unlawful practices maliciously, willfully, in bad faith, and/or with reckless disregard and deliberate or callous indifference to Segraves' rights.

44.    As a legal result of Defendants' conduct, Segraves has suffered loss of wages and benefits, loss of future wages and benefits, emotional distress and humiliation, expenses and losses of seeking other employment, mileage and other expenses related to new employment, medical bills, attorneys' fees and costs, and such other damages as may become apparent.

## COUNT I

## FMLA

### Segraves vs. all Defendants

45. Paragraphs 1 through 44 are incorporated herein by reference as though fully set forth.

46. Pursuant to the FMLA, the term "employer" includes not only the employer itself, but also "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer."   29 U.S.C. §2611(4)(A)(ii)(I).

47. Pursuant to the FMLA, an eligible employee, such as Segraves, "shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following: ….(d) because of a serious health condition that makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. §2612(a)(1)(D).

48. Such leave may be taken intermittently if the employer and employee agree.  29 U.S.C. §2612(b)(1).

49. In the instant case, Defendants and Segraves agreed to FMLA leave on an intermittent basis as evidenced by Defendants' approval of Segraves' application for FMLA.

50. Pursuant to the FMLA, except for an inapplicable exemption:

> [A]ny eligible employee who takes leave under section 2612 of this title for the intended purpose of the leave shall be entitled, on return from such leave –
>
>> (A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or
>>
>> (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

29 U.S.C. §2614(a)(1).

51.     Pursuant to the FMLA: "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. §2615(a)(1).

52.     Defendants treated Segraves less favorably then peers and terminated her employment because of her use of approved FMLA leave and in order to interfere with, restrain, or deny Segraves' exercise or attempt to exercise her rights under the FMLA.

53.     Defendants knew and/or reasonably should have known, and/or acted with deliberate indifference and/or reckless disregard, that their termination of Segraves' employment was a violation of the FMLA, and had no reasonable grounds for believing otherwise.

WHEREFORE, Plaintiff respectfully requests This Honorable Court enter judgment in her favor, and award her damages for loss of wages and benefits, lost future wages and benefits, expenses of seeking other employment, expenses for

mileage and other expenses related to new employment, medical bills, attorneys' fees and costs, other compensatory damages, liquidated damages, declaratory and injunctive relief, interest, and such other relief as is appropriate. Segraves demands a jury trial.

## COUNT II

## REHABILITATION ACT

### Segraves vs. Lycoming County Commissioners

54.   Paragraphs 1 through 53 are incorporated herein by reference as though fully set forth.

55.   Pursuant to the Rehabilitation Act:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this Title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. §794(a).

56.   Pursuant to the Rehabilitation Act: "the term 'program or activity' means all of the operations of….a department, agency, special purpose district, or other instrumentality of a State or of a local government." 29 U.S.C. §794(b)(1)(A).

57.   Defendants treated Plaintiff less favorably than peers who did not have disabilities requiring accommodations, and terminated her employment because of her disability.

WHEREFORE, Plaintiff respectfully requests This Honorable Court enter judgment in her favor, and award her damages for loss of wages and benefits, lost future wages and benefits, expenses of seeking other employment, expenses for mileage and other expenses related to new employment, medical bills, attorneys' fees and costs, other compensatory damages, declaratory and injunctive relief, interest, and such other relief as is appropriate.  Segraves demands a jury trial.

## COUNT III

## FOURTEENTH AMENDMENT EQUAL PROTECTION AND 42 U.S.C. §1983

Segraves vs. Lycoming County Commissioners and Scott L. Metzger in his official capacity

58.    Paragraphs 1 through 57 are incorporated herein by reference as though fully set forth.

59.    Pursuant to the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution: "No state shall….deny to any person within its jurisdiction equal protection of the laws." U.S. Const. amend. XIV, Section 1.

60.    Pursuant to 42 U.S.C. §1983: "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State….subjects or causes to be subjected, any citizens of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. §1983.

61.    Defendants treated Plaintiff less favorably than male peers, and terminated her employment because of her sex.

WHEREFORE, Plaintiff respectfully requests This Honorable Court enter judgment in her favor, and award her damages for loss of wages and benefits, lost future wages and benefits, emotional distress and humiliation, expenses of seeking other employment, expenses for mileage and other expenses related to new employment, medical bills, attorneys' fees and costs, other compensatory damages, declaratory and injunctive relief, interest, and such other relief as is appropriate. Segraves demands a jury trial.

## COUNT IV

## FOURTEENTH AMENDMENT EQUAL PROTECTION AND 42 U.S.C. §1983

### Segraves vs. Scott L. Metzger, Tony R. Mussare, and Richard Mirabito in their individual capacities

62.    Paragraphs 1 through 61 are incorporated herein by reference as though fully set forth.

63.    Pursuant to the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution: "no state shall....deny to any person within its jurisdiction equal protection of the laws." U.S. Const. amend. XIV, Section 1.

64.     Pursuant to 42 U.S.C. §1983: "every person who, under color of any statute, ordinance, regulation, custom, or usage of any State….subjects or causes to be subjected, any citizens of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  42 U.S.C. §1983.

65.     Defendants treated Plaintiff less favorably than male peers and terminated her employment because of her sex.

WHEREFORE, Plaintiff respectfully requests This Honorable Court enter judgment in her favor, and award her damages for loss of wages and benefits, lost future wages and benefits, emotional distress and humiliation, expenses of seeking other employment, expenses for mileage and other expenses related to new employment, medical bills, attorneys' fees and costs, other compensatory damages, punitive damages, declaratory and injunctive relief, interest, and such other relief as

is appropriate.  Segraves demands a jury trial.

RIEDERS, TRAVIS, DOHRMANN,
MOWREY, HUMPHREY & WATERS

Jeffrey C. Dohrmann, Esquire
Attorney for Plaintiff
PA ID #68870
161 West Third Street
Williamsport, PA 17701
(570) 323-8711 (telephone)
(570) 323-4192 (fax)
jdohrmann@riederstravis.com